NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1223

DAVID KISSI

vs.

SANTANDER BANK, N.A.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The appellant, David Kissi, appeals from an order of a single justice of this court denying his motion for leave to docket an appeal late, and from orders denying his motions to reconsider that denial. We affirm.

Background. There is no dispute that the appellant received from the Superior Court clerk's office a notice of assembly of the record dated August 4, 2022, that informed him that the "appellant must enter the case in the appellate court within 14 days of receipt of the notice of assembly of the record." The appellant failed to docket his appeal within the fourteen days provided by Mass. R. A. P. 10 (a) (1), as appearing in 481 Mass. 1618 (2019).

After the deadline had passed, the appellant received a notice from this court dated October 14, 2022, stating that the Superior Court's notice of assembly of the record had been received on August 4, 2022; that the appellant had been required to docket the appeal in the Appeals Court within fourteen days; and that, as of October 14, the appellant still had not docketed the appeal.  The October 14 notice informed the appellant that if he wished to pursue the appeal, he "must file a motion to the single justice for leave to docket the appeal late."

On January 23, 2023, about five months after the deadline for him to docket his appeal had passed, the appellant filed a motion in this court's single justice session for leave to docket the appeal late.[1]  A single justice denied the motion, without prejudice to its renewal "on or before February 14, 2023," by which time the appellant was required to show by affidavit both that his failure to timely docket the appeal was due to excusable neglect and that he had a meritorious issue on appeal.  The appellant did not file such an affidavit by February 14.  When, on February 27, the appellant still had not filed anything further, the single justice dismissed the matter.

---

[1] The appellant also filed a motion to waive the entry fee, which the single justice allowed.

2

On March 13, 2023, almost a month after the deadline set by the single justice, the appellant filed a motion to reconsider, asserting that "the Clerk never timely docketed [his] appeal" and that he had shown "good cause" by submitting a brief on appeal.  The single justice denied the motion.  The appellant filed several other motions, which were treated as motions to reconsider and denied.  The single justice ruled that the appellant could file a notice of appeal from her rulings on or before September 5, 2023.  The appellant missed that deadline, but on September 21 he filed a notice of appeal, which a different single justice permitted him to file late.

Discussion.  When an appellant fails to docket a civil appeal in a timely manner pursuant to Mass. R. A. P. 10 (a) (1), and then seeks to docket the appeal late, the appellant must demonstrate two things.  First, the appellant must show that the failure to timely docket the appeal was "caused by excusable neglect."  Howard v. Boston Water & Sewer Comm'n, 96 Mass. App. Ct. 119, 122 (2019).  Second, the appellant must show "a meritorious case" on appeal.  Id.  Here, the single justice set a deadline of February 14, 2023, for the appellant to file an affidavit making that showing.  He did not do so.  We cannot say that the single justice abused her discretion in dismissing the single justice matter for failure to make that showing by the deadline she set.

3

Even if we were to consider the appellant's arguments for docketing his appeal late, he would fare no better. As to excusable neglect, the appellant asserts in his reply brief that "[a]ny confusion about not filing something on time started with the Clerk who took 90 days to docket the initial papers." The record is unclear as to which clerk the appellant means, or how any such delay would have excused the appellant from timely docketing the appeal as directed in the August 4, 2022 notice. See Neuwirth v. Neuwirth, 85 Mass. App. Ct. 248, 257 (2014) (pro se appellant's misunderstanding of obligation under rules not excusable neglect).

As to the appellant's argument that he demonstrated to the single justice that he has meritorious issues on appeal, we have reviewed his arguments and conclude that they are without merit, based on the following. The appellant's Superior Court negligence complaint, filed on June 4, 2021, averred that on May 4, 2015, he had discovered that his safe deposit box at the defendant bank was empty. A judge dismissed the complaint because it was filed beyond the three-year statute of limitations for tort claims, G. L. c. 260, § 2A. The statute of limitations begins to run when a cause of action accrues, on "the date when a plaintiff discovers, or any earlier date when [he] should reasonably have discovered, that [he] has been harmed or may have been harmed by the defendant's conduct."

4

_Commonwealth_ v. _Tradition (N. Am.) Inc._, 91 Mass. App. Ct. 63, 71 (2017), quoting _Bowen_ v. _Eli Lilly & Co._, 408 Mass. 204, 205-206 (1990).  Where the appellant did not file his complaint until more than six years after he discovered that his safe deposit box was empty, the complaint was outside the statute of limitations.  In those circumstances, the appellant has not demonstrated that he has a meritorious issue for appeal.  See _Howard_, 96 Mass. App. Ct. at 123-125.

To the extent the appellant makes any additional arguments, they "have not been overlooked.  We find nothing in them that requires discussion."  _Commonwealth_ v. _Domanski_, 332 Mass. 66, 78 (1954).

Order entered February 27, 2023, denying motion to docket appeal late affirmed.

Orders entered March 27, 2023, April 11, 2023, June 9, 2023, July 6, 2023, and August 21, 2023, denying motions for reconsideration affirmed.

By the Court (Ditkoff, Grant & Toone, JJ.[2]),

_Paul Little_

Clerk

Entered:  February 19, 2025.

---

[2] The panelists are listed in order of seniority.